UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

LAUREN HANDY, *et al.*

Defendants.

Criminal Action No. 22-096 (CKK)

**ORDER**
(August 7, 2023)

Before the Court are Defendants' [277] and [288] proposed jury instructions which, among other things, include proposed instructions on the affirmative defenses of necessity and defense of a third person. The Government opposes both. The Court agrees that neither defense is legally viable. Confronted with the same question as to the same offense charged in Count Two, the Second Circuit wasted little more than a paragraph in rejecting these defenses, *see United States v. Kopp*, 562 F.3d 141, 145 (2d Cir. 2009), and the Court agrees that such a conclusion merits little discussion.

First, the Court must stress that it remains "an open question whether federal courts ever have authority to recognize a necessity defense not provided by statute." *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 490 (2001). Necessity is a doctrine created at common law, and common-law doctrines are generally inapplicable to the purely statutory scheme of federal criminal law, unless a statute provides otherwise. *See United States v. Bailey*, 444 U.S. 394, 406 (1980). Even at common law, the common law doctrine of necessity only "cover[s] the situation where physical forces beyond the actor's control rendered illegal conduct the lesser of two evils." *Abigail All. for Better Access to Developmental Drugs v. von Eschenbach*, 495 F.3d 695, 707 (D.C. Cir. 2007) (cleaned up). Given the FACE Act's very specific bar on obstructive conduct in and around reproductive health facilities, the Court is

bound by statute to respect a "legislative judgment" against the incorporation of the common-law doctrine of necessity  See id. at 808 (defense of necessity in obtaining medical marijuana unavailable where Congress made legislative determination to illegalize marijuana); *Kopp*, 562 F.3d at 145.

Even had a relevant statute incorporated a necessity defense *sub silentio*, it is unclear how Defendants' decision to travel to the District of Columbia, forcefully push through the Clinic's front door, and physically block the entrance to the Clinic's treatment area was beyond their control.  See Indictment, ECF No. 113, ¶¶ 18, 22, 24, 28.  Defendants made a concerted choice to contrive the situation that played out at the Clinic, and as such, they are not entitled to a jury instruction on necessity.  See *Eschenbach*, 495 F.3d at 708.

Furthermore, Defendants are not entitled to a jury instruction on defense of a third person.  Defense of a third person is "analogous to the right of self-defense," *Lee v. United States,* 61 A.3d 655, 657 (D.C. 2013), which "arises only when . . . necessity begins, and equally ends with the necessity." *United States v. Peterson*, 483 F.2d 1222, 1229 (D.C. Cir. 1973).  In other words, where there was "a chance both to refuse to do the criminal act and also to avoid the threatened harm," such a defense must fail.  See *Bailey*, 444 U.S. at 410 (internal quotation marks omitted) (discussing duress defenses generally).  Imminence is required; a defendant may not don a vigilante's hood to insert themself into a situation of their own making and subsequently claim defense of a third person to justify their actions.  See *Taylor v. United States*, 380 A.2d 989, 994 (D.C. 1977).  Even were a person at the clinic at imminent risk of an unlawful killing, Defendants proffer no facts establishing that no other course to stop such an unlawful killing was available, vitiating a duress defense.  See *Bailey*, 444 U.S. at 411.

Altogether Defendants have proffered no facts suggesting that either defense is available. They appear to agree that they traveled to the District of Columbia to engage in preplanned activity, forcing their way into the clinic shortly before it opened. Without the imminent threat of either a greater evil or death or serious bodily injury, neither a duress nor necessity defense is available. *Bailey*, 444 U.S. at 409.

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED**, that the jury shall not be instructed regarding either necessity or defense of a third person.

**SO ORDERED**.

Dated: August 7, 2023

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge