**COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: 0090 1:22CR00096-001 |
| | : | |
| vs. | : | Disclosure Date: March 11, 2024 |
| | : | |
| Handy, Lauren | : | |

## PARTIES OBLIGATION AND RESPONSE TO PRESENTENCE REPORT

Pursuant to Fed. Rules of Crim. Proc. Rule 32(f)(1) and (2), the parties shall submit any material inaccuracies or disputes to the presentence investigation report (PSR), by March 25, 2024. This form and/or objections to the PSR shall be filed via CM/ECF.

Note: The probation office never includes information about 18 USC § 3553(e) or USSG § 5K1.1, pursuant to Rule 32(d)(3).

### For the Government

(CHECK APPROPRIATE BOX)

( )   There are no material/factual inaccuracies therein.

( )   There are material/factual inaccuracies in the PSR.

### For the Defendant

(CHECK APPROPRIATE BOX)

( )   There are no material/factual inaccuracies therein.

(X)   There are material/factual inaccuracies in the PSR.

### Restrictions on Use and Redisclosure of Presentence Report

The presentence investigation report and this form are not public documents.

It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case Number: 22-CR-096-CKK |
| | : | |
| WILLIAM GOODMAN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### MR. GOODMAN'S RESPONSE TO THE DRAFT PRESENTENCE REPORT

The Defendant, Mr. Goodman, by his undersigned counsel, hereby submits the following objections to material/factual inaccuracies in his Draft Presentence Report:

First, with respect to the factual allegations:

Para. 38: "At that time, the defendants (with the exception of defendant Darnel who was outside the building livestreaming the event) forcefully entered through the clinic's entrance. Defendant Smith, who stood at the door when it was unlocked, forcefully pushed the door open as Ms. Proctor attempted to close the door to prevent the defendants from entering. The defendants collectively pushed and shoved their way in and against the clinic staff who attempted to keep the defendants from entering." The evidence at trial clearly showed that Mr. Goodman did not forcefully enter through the clinic's entrance or push or shove his way in, therefore this paragraph should specify that Mr. Goodman is not one of the defendants mentioned here.

Para. 40: "After forcing their way into the clinic's waiting room, the defendants set about physically blockading the clinic doors." The evidence at trial clearly showed that Mr. Goodman did not forcefully enter the clinic's waiting room or set about blockading the clinic doors, therefore this paragraph should specify that Mr. Goodman is not one of the defendants mentioned here.

Para. 41: "During the blockade, Ashley Jones, a pregnant patient at the clinic, was unable to access the treatment area because defendant Harlow and her co-defendants blocked the clinic's doors." The evidence at trial clearly showed that Mr. Goodman did not block access by Ashley Jones to any clinic doors, therefore this paragraph should specify that Mr. Goodman is not one of the defendants mentioned here.

Para. 42: "A second patient, Shampy Holler, was also unable to access the clinic's treatment area because of the defendants' blockade." The evidence at trial clearly showed that Mr. Goodman did not block access by Shampy Holler to any clinic doors, therefore this paragraph should specify that Mr. Goodman is not one of the defendants mentioned here.

Second, with respect to the Victim Related Adjustment at para. 77 citing USSG § 3A1.3, this adjustment should not apply to either Count.  Physical restraint is defined in the application notes of USSG §1B1.1., app.n.1(L) "Physically restrained" means the forcible restraint of the victim such as by being tied, bound, or locked up."  No such restraint happened at any time to anyone or by anyone, let alone by Mr. Goodman.

Third, with respect to the Victim Related Adjustment at para. 78 citing USSG § 3A1.1(b)(1), this adjustment should not apply to either Count.  Neither Shampy Holler nor Ashley Jones qualifies as vulnerable victim. *See* USSG § 3A1.1(b)(1), app.n. 2 ("For purposes of subsection (b), 'vulnerable victim' means a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct); *and (B) who is **unusually** vulnerable due to age, physical or mental condition, or who is otherwise partially susceptible to the criminal conduct. (emphasis added.)*  See also, e.g., *United States v. James*, 139 F.3d 709, 714 (9th Cir. 1998) ("The district court did not classify the [victim] as unusually vulnerable simply because she was pregnant.")

Fourth, in para. 88, Mr. Goodman objects to "double counting" counts that are closely related which should be grouped thus equaling zero additional units. *See* USSG § 3D1.2.(c).

Fifth, if the Court sentences Mr. Goodman to a term of imprisonment (i.e., time served), then there is **no** probation requirement, and this should be noted. 18 USC 3561 § (a)(3), *See also*, USSG §5B1.2., app.n.2. (para. 150).

Sixth, para. 170 states: "As a result of the presentence investigation, the Probation Office has identified the following factors that would warrant a variance from the applicable guideline range."  No factors are identified without which this recommendation should be eliminated.

Seventh, para.171 states: "Should the Court determine that the application of the

2

specific offense characteristics is not warranted in this case, the Court may consider an upward variance from the advisory guidelines range." Why an upward variance? Based on what? This unsupported recommendation should be eliminated.

Eighth, Goodman adopts and incorporates all comments/objections submitted by his co-defendants which are applicable to him, including, but not limited to, any inflammatory terms and inferences made in the Draft Presentence Report's factual allegations which should be changed/eliminated.

Respectfully submitted,

*H. J. Walsh III*
Howard J. Walsh III, Esq. #486193
7101 Wisconsin Ave, #1200
Bethesda, MD 20814
240-277-6477
Hwalshesq@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 25st day of March 2024 which will send a notification of such filing (NEF) to all counsel of record.

*H. J. Walsh III*
Howard J. Walsh III, Esq